IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL CLIFTON JENNINGS, SR.,   :
    Plaintiff,   :
       :
    v.   :   CIVIL ACTION NO. 24-CV-6872
       :
BRUCE W. JENNINGS, *et al.*,   :
    Defendants.   :

## MEMORANDUM

McHUGH, J.                                        JANUARY 30, 2025

    In this civil action, Plaintiff Michael Clifton Jennings, Sr., a/k/a Michael C. Williams, alleges that the Defendants—including Bruce W. Jennings, whom he identifies as his brother—filed and/or pursued allegedly false criminal charges against him for, among other things, falsifying a deed for property in Philadelphia.  (ECF Nos. 1, 2.)  Plaintiff,[1] who claims that he rightfully inherited the underlying property from his father, seeks to proceed *in forma pauperis* (ECF No. 7) and has also filed a motion for a protection from abuse ("PFA") order, (ECF No. 8). For the following reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis*, dismiss his Complaint for failure to state a claim, and deny his motion.

## I.  FACTUAL ALLEGATIONS[2]

    According to the Complaint, Plaintiff's constitutional rights were violated on June 28, 2023 when he was "arrested at the estate of the late Clifton M. Jennings [because his] brother

---

[1] Since Plaintiff and Bruce Jennings share a surname, the Court will refer to Michael Jennings as Plaintiff to avoid any confusion.

[2] The following allegations are taken from the Complaint (ECF No. 1), exhibits submitted with the Complaint (ECF No. 2), and public records, of which the Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

filed fraudulent charges against [him]." (Compl. at 5 (capitalization omitted).) Although unclear, Plaintiff appears to be alleging that he was initially released from custody but was sent back to the county jail on October 26, 2023, following an attempt to serve Bruce Jennings with a PFA order he claims to have obtained prior to his arrest. (*Id.* at 5, 6.) Plaintiff contends that the prosecutor assigned to the criminal case and his court-appointed attorney "kept continuing [his] case violating [his] rights to a speedy trial." (*Id.* at 5.) Plaintiff ultimately pled guilty to facilitate his release and was released from custody on September 4, 2024 after spending ten months in jail, although he claims he "took back [his] plea" on September 12, 2024. (*Id.*; ECF No. 2 at 7.) The publicly available docket for Plaintiff's criminal proceeding reflects that his conviction remains intact. *See Commonwealth v. Williams*, No. CP-51-CR-0006449-2023 (C.P. Philadelphia). According to the docket, Plaintiff's sentence included a term of imprisonment, a term of probation, and various conditions, including that he would be required to stay away from the victim and witnesses, withdraw a PFA order he had against the "Complainant," "Close Estate opened for the Father's Estate," relinquish all interest in the subject property, and remove his name from related tax records. *Id.*

In this civil action, Plaintiff brings claims for violation of his constitutional rights against Bruce Jennings (his alleged brother), John Robert Walker (his court-appointed attorney), DT Howell (who signed off on a DNA test that appears to have been conducted in connection with the criminal charges), Alexander Blumenthal (the prosecutor assigned to the criminal case), Ronald Jefferson, and Kim Montgomery (a complainant in the criminal case). (Compl. a 2-4; ECF No. 2 at 35, 39, 41-42.) Plaintiff claims that he was injured due to his detention between October 26, 2023 and September 4, 2024 as a result of his alleged "wrongful" arrest on "fraudulent" charges. (Compl. at 6.) As relief, he asks for his "record [to be] cleaned," for a

correction related to the property, and for damages to compensate him for the time he spent incarcerated.[3]  (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Plaintiff leave to proceed *in forma pauperis* because it appears that he incapable of paying the fees to commence this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v.*

---

[3] To the extent Plaintiff asks for the individuals who allegedly harmed him to be prosecuted, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").  Accordingly, he is not entitled to such relief.

*Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*

## III.    DISCUSSION

Plaintiff brings his constitutional claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."  *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

### A.  Claims Against Non-State Actors

Most of the Defendants named in the Complaint are not state actors subject to liability under § 1983.  Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

4

"To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Liberally construing the Complaint and exhibits, the Court understands Bruce Jennings, Ronald Jefferson, and Kim Montgomery to be private individuals who either complained about Plaintiff's conduct to police and/or participated in the criminal prosecution against him as complainants or witnesses.  "Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do.  Filing a report or a civilian complaint does not transform a private citizen into a State actor."  *Sous v. Timpone*, No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)).  Participation in the related police investigation likewise does not render a private person a state actor for purposes of § 1983.  *See Baack v. Rodgers*, No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police—or answering police questions about that conduct— without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, No. 04-2825, 2005 WL 2030319, at *2

(M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983). Since participation with the prosecution is the only apparent basis for Plaintiff's claims against these Defendants, the claims must be dismissed.

Defendant Walker, Plaintiff's court-appointed attorney, is also not a state actor subject to liability under § 1983. That is because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983). Because Plaintiff's claims against Walker are based on the quality of his representation as Plaintiff's court-appointed attorney, the claims must be dismissed as implausible. The Court will address Plaintiff's claims against the remaining two Defendants—Howell and Blumenthal—below.[4]

---

[4] Although "[a] private party 'who corruptly conspire[s]' with a state official will be considered a state actor under § 1983," *Kitko v. Young*, 575 F. App'x 21, 26 (3d Cir. 2014) (*per curiam*) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010)), "to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co.*, 615 F.3d at 178. To the extent Plaintiff sought to impose liability based on joint action, there is no basis for inferring such action here. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (observing that "being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge"); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) ("A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions." (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990))).

**B.  Claims Against State Actors**

To the extent Plaintiff sues state actors subject to § 1983, he has not stated a plausible

claim.  "Challenges to the validity of any confinement or to particulars affecting its duration are

the province of habeas corpus," rather than a § 1983 action.  *Muhammad v. Close*, 540 U.S. 749,

750 (2004) (*per curiam*); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a

state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief

he seeks is a determination that he is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas corpus.").  This means that "whenever

[a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued

conviction or the fact or length of the sentence — [the] challenge, however denominated and

regardless of the relief sought, must be brought by way of a habeas corpus petition."  *Leamer v.

Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  Accordingly, Plaintiff's requests that this Court clear

his record and reverse the conditions of his sentence—essentially requests for relief from his

criminal judgment—are not cognizable and must instead be pursued in a *habeas* petition after he

exhausts state remedies.  *See* 28 U.S.C. § 2254.

Plaintiff's related damages claims also fail.  Initially, prosecutors are entitled to absolute

immunity from damages under § 1983 for acts that are "intimately associated with the judicial

phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's

case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Roberts v. Lau*, 90 F.4th 618, 624 (3d

Cir. 2024) ("Prosecutors . . . are absolutely immune from liability under § 1983 for engaging in

conduct that serves a quasi-judicial function."); *Fogle v. Sokol*, 957 F.3d 148, 164 (3d Cir. 2020)

(prosecutors were entitled to immunity from claims based on allegations "that at hearings and at

trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and

7

the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial"). Defendant Blumenthal is therefore entitled to absolute prosecutorial immunity from Plaintiff's remaining claims because it is apparent that he is being sued based how he handled Plaintiff's criminal prosecution.

As for Plaintiff's remaining damages claims against Howell, those also fail. A § 1983 plaintiff may not recover "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in original). In this context, "the favorable-termination requirement is a necessary element of the claim for relief under § 1983." *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021). Plaintiff seeks relief for time he spent incarcerated in connection with charges upon which he was ultimately convicted. (Compl. at 6.) So, regardless of the specific factual nature of his claims against Detective Howell, it is apparent that they are not cognizable while Plaintiff's conviction remains intact. *See, e.g.*, *Long v. Atl. City Police Dep't*, 670 F.3d 436, 447 (3d Cir. 2012) (*Heck* barred claim that "defendants conspired to obtain a capital murder conviction against [plaintiff]" including by committing perjury and fabricating

8

evidence).  Accordingly, the Court will dismiss Plaintiff's claims against the state-actor Defendants.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis* and dismiss his Complaint.  Plaintiff's civil rights claims will be dismissed with prejudice with the exception of his claims for damages against Defendant Howell, which will be dismissed without prejudice to Plaintiff filing a new civil rights complaint only in the event his convictions are reversed, vacated, or otherwise invalidated.  *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice).  Leave to amend will not be given at this time because the Court concludes that amendment would be futile.[5]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).  Plaintiff's Motion for a PFA is denied.

An Order follows, which shall be docketed separately.  *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

/s/ Gerald Austin McHugh

GERALD A. McHUGH, J.

---

[5] Nothing in this Memorandum precludes Plaintiff from filing a petition for a writ of *habeas corpus* after exhausting state remedies.  *See* 28 U.S.C. § 2254.  The Court expresses no opinion on the merits of any such petition.